UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ELIZABETH J. KELLY,

    Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.
                                   /

Case No. 15-12326

Honorable Nancy G. Edmunds

**OPINION AND ORDER ACCEPTING THE MAGISTRATE JUDGE'S JULY 22, 2016 REPORT AND RECOMMENDATION [18]**

    Plaintiff filed this action seeking review of the Commissioner of Social Security's decision denying her application for supplemental security income. The Court referred the matter to the Magistrate Judge who now recommends upholding the Commissioner's decision. (Dkt. 18). On August 4, 2016, Plaintiff filed a series of objections to the Magistrate Judge's report, which the Court considers here. For the reasons stated more fully below, the Court DENIES Plaintiff's objections and ACCEPTS AND ADOPTS the Magistrate Judge's report and recommendation.  It is further ordered that Plaintiff's motion for summary judgment [14] is DENIED, Defendant's motion for summary judgment [16] is GRANTED, and the case is hereby DISMISSED.

    As a preliminary matter, the Court notes that the majority of Plaintiff's "objections" suffer from the same procedural malady; namely, they concern subject matter that was never raised before the Magistrate Judge. "Courts have held that while the Magistrate Judge Act, 28 U.S.C. § 631 et seq., permits de novo review by the district court if timely

objections are filed, absent compelling reasons, it does not allow parties to raise at the district court stage new arguments or issues that were not presented to the magistrate." *Murr v. United States*, 200 F.3d 895, 902 n.1 (6th Cir. 2000). Indeed, Plaintiff fails to provide a single reference to the Magistrate Judge's report in her objections, let alone suggest how, if at all, its reasoning is substantively deficient. For that reason, the Court finds that Plaintiff failed to preserve her objections.

Nevertheless, Plaintiff's objections can be easily disposed of on the merits. First, Plaintiff argues that the ALJ failed to include certain limitations offered by consultative examiner Dr. Craig Brown, Ed.D. and Dr. Shahzad Shaikh, M.D., in his hypothetical to the vocational expert ("VE"). With respect to Dr. Brown, Plaintiff maintains that he "diagnosed a much greater mental limitation than was given credit by the ALJ." (Plf.'s Obj. 2). However, as the Magistrate Judge noted, Dr. Brown assessed Plaintiff's attention and concentration as "good", and he did not observe any mental functional limitations beyond those credited by the ALJ. (Report and Recommendation 18); (Tr. 13-15, 19, 322-24). Moreover, the ALJ specifically recognized that Plaintiff had "some mental limitation in response to her impairments", and limited her residual functional capacity ("RFC") to work requiring "simple repetitive [] instructions at a Specific Vocational Level of 1 or 2" accordingly. (Tr. 16, 19). The Court is thus satisfied that Plaintiff's RFC accurately represented her mental limitations.

As to Dr. Shaikh, Plaintiff argues that the ALJ improperly dismissed his opinion that she required "a cane for ambulation and balance", and was "disabled." (Plf.'s Obj. 4). But context is important; the ALJ declined to give "great weight" to Dr. Shaikh's opinion only after establishing that it was "conclusory", "provided very little explanation of the evidence

relied on", and failed "to document positive objective clinical or diagnostic findings to support the functional assessment." (Tr. 20). As the Sixth Circuit has made clear, an ALJ is "not bound by conclusory statements of doctors, particularly where they are unsupported by detailed objective criteria and documentation." *Buxton v. Halter*, 246 F.3d 762, 773 (6th Cir. 2001). Moreover, opinions that are merely "administrative findings that are dispositive of the case" are reserved to the Commissioner. 20 C.F.R. § 404.1527(d). In other words, Dr. Shaikh's opinion that Plaintiff was "disabled" was not entitled to any special weight. The Court is thus satisfied that the ALJ offered sufficient reasons to discount Dr. Shaikh's opinion.

Finally, Plaintiff maintains that the ALJ erred by failing to specifically address the lay witness testimony of her friend, Dick Gieske. But the ALJ is only required to give "perceptible weight . . . to lay testimony" where it is "fully supported by the reports of the treating physicians." *Lashely v. Sec'y of Health & Hum. Servs*, 708 F.2d 1048, 1054 (6th Cir. 1983). Unlike *Lashely,* Gieske's statements about Plaintiff's mental and physical capabilities are not supported by the opinions of her treating physicians and therapists. As the Magistrate Judge aptly explained:

> For example, Mr. Gieske's statement that Plaintiff had short-term memory loss was inconsistent with the records of Dr. Orandi, who noted that Plaintiff's recent and remote memory was normal (R. at 293) and of Kristen Solce, BSW, LLMSW, who indicated that Plaintiff's memory was normal (R. at 536). The physical limitations expressed by Mr. Gieske are also inconsistent with the records of Plaintiff's physicians, including Plaintiff's self-report to NP Nestorak that she is able to complete community errands, drive, squat, kneel, stand from a seated position, walk household distances, and kneel. (R. at 510.)

In light of these glaring inconsistencies, the ALJ was not required to assign weight to Gieske's opinion. *See Simons v. Barnhart*, 114 F. App'x 727, 733 (6th Cir. 2004) ("In the

3

instant case, the ALJ did not err in failing to accord substantial weight to [the lay witness] testimony because her testimony is also not supported by [plaintiff's] treating physician.") Accordingly, the Court finds no merit to Plaintiff's final objection.

For the reasons thus stated, the Court DENIES Plaintiff's objections and ADOPTS the Magistrate Judge's Report and Recommendation.


SO ORDERED.

                                       s/Nancy G. Edmunds
                                       Nancy G. Edmunds
                                       United States District Judge

Dated: September 15, 2016

I hereby certify that a copy of the foregoing document was served upon counsel of record on September 15, 2016, by electronic and/or ordinary mail.

                                       s/Carol J. Bethel
                                       Case Manager